| **United States Bankruptcy Court** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): | Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):  ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):  ZIP CODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):  ZIP CODE | Mailing Address of Joint Debtor (if different from street address):  ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):  ZIP CODE | |

| **Type of Debtor** (Form of Organization) (Check **one** box.) | **Nature of Business** (Check **one** box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* ☐ Corporation (includes LLC and LLP) ☐ Partnership ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) _____ | ☐ Health Care Business ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B) ☐ Railroad ☐ Stockbroker ☐ Commodity Broker ☐ Clearing Bank ☐ Other _____ **Tax-Exempt Entity** (Check box, if applicable.) ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | ☐ Chapter 7 ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding ☐ Chapter 9 ☐ Chapter 11 ☐ Chapter 12 ☐ Chapter 13 ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding **Nature of Debts** (Check one box.) ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." ☐ Debts are primarily business debts. |

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☐ Full Filing Fee attached. ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A. ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:** ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D). **Check if:** ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - **Check all applicable boxes:** ☐ A plan is being filed with this petition. ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) ||| 
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☐ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| B 1 (Official Form) 1 (1/08) | | Page 3 |
|---|---|---|
| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** NYC Sweaters, Inc. | |

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. X _____ Signature of Debtor X _____ Signature of Joint Debtor _____ Telephone Number (if not represented by attorney) _____ Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. (Check only **one** box.) ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. X _____ (Signature of Foreign Representative) _____ (Printed Name of Foreign Representative) _____ Date |
| **Signature of Attorney*** X _[signature]_ Signature of Attorney for Debtor(s) George N. Panagakis Printed Name of Attorney for Debtor(s) Skadden, Arps, Slate, Meagher & Flom LLP Firm Name 333 W. Wacker Drive Address Chicago, IL 60606 312-407-0700 Telephone Number 1-23-09 Date *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer** I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. _____ Printed Name and title, if any, of Bankruptcy Petition Preparer _____ Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) _____ Address X _____ _____ Date Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)** I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. X _[signature]_ Signature of Authorized Individual Glenn R. Morgan Printed Name of Authorized Individual Chief Financial Officer Title of Authorized Individual 1-23-09 Date | |

**ANNEX A – AFFILIATED DEBTORS**

On the date hereof, the following affiliated entities, including the Debtor, filed petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois:

1. Hartmarx Corporation
2. Anniston Sportswear Corporation
3. Briar, Inc.
4. Chicago Trouser Company, Ltd.
5. C.M. Clothing, Inc.
6. C.M. Outlet Corp.
7. Consolidated Apparel Group, Inc.
8. Country Miss. Inc.
9. Country Suburbans, Inc.
10. Direct Route Marketing Corporation
11. E-Town Sportswear Corporation
12. Fairwood-Wells, Inc.
13. Gleneagles, Inc.
14. Handmacher Fashions Factory Outlet, Inc.
15. Handmacher-Vogel, Inc.
16. Hart Services, Inc.
17. Hart Schaffner & Marx
18. Hartmarx International, Inc.
19. Hickey-Freeman Co., Inc.
20. Higgins, Frank & Hill, Inc.
21. HMX Luxury, Inc.
22. HMX Sportswear, Inc.
23. Hoosier Factories, Incorporated
24. HSM Real Estate LLC
25. HSM University, Inc.
26. Intercontinental Apparel, Inc.
27. International Women's Apparel, Inc.
28. Jaymar-Ruby, Inc.
29. JRSS, Inc.
30. Kuppenheimer Men's Clothiers Dadeville, Inc.
31. Monarchy Group, Inc.
32. National Clothing Company, Inc.
33. NYC Sweaters, Inc.
34. 106 Real Estate Corp.
35. Robert's International Corporation
36. Robert Surrey, Inc.
37. Salhold, Inc.
38. Seaford Clothing Co.
39. Simply Blue Apparel, Inc.
40. Society Brand, Ltd.

41. Sweater.com Apparel, Inc.
42. Tag Licensing, Inc.
43. Tailored Trend, Inc.
44. Thorngate Uniforms, Inc.
45. Thos. Heath Clothes, Inc.
46. Trade Finance International Limited
47. Universal Design Group, Ltd.
48. M. Wile & Company, Inc.
49. Winchester Clothing Company
50. Yorke Shirt Corporation
51. Zooey Apparel, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Case No. _____ |
|  | ) (Jointly Administered) |
|  | ) Chapter 11 |
| HARTMARX CORPORATION, | ) |
| et al., | ) Hon. _____ |
|  | ) |
| Debtors.[1] | ) Hearing Date: _____ |
|  | ) Hearing Time: _____. |

**CONSOLIDATED LIST OF CREDITORS HOLDING**
**30 LARGEST UNSECURED CLAIMS**

Set forth below is a list of the creditors holding the 30 largest unsecured claims against the above-captioned debtors (the "Debtors") as of approximately January 16, 2009. This list has been prepared on a consolidated basis, based upon the books and records of the Debtors that have commenced chapter 11 cases in this Court. The Debtors believe that this list is representative of the 30 largest creditors in each of the affiliated cases. The information presented in the list below shall not constitute an admission by, nor is it binding on, the Debtors.[2]

---

[1] The Debtors consist of: Hartmarx Corporation (FEIN: 36-3217140); Anniston Sportswear Corporation (FEIN: 63-0255951); Briar, Inc. (FEIN: 36-3295194); Chicago Trouser Company, Ltd. (FEIN: 36-3654087); C.M. Clothing, Inc. (FEIN: 62-0726470); C.M. Outlet Corp. (FEIN: 23-2079484); Consolidated Apparel Group, Inc. (FEIN: 36-4451205); Country Miss, Inc. (FEIN: 23-2159300); Country Suburbans, Inc. (FEIN: 13-2536025); Direct Route Marketing Corporation (FEIN: 36-3353564); E-Town Sportswear Corporation (FEIN: 35-1045839); Fairwood-Wells, Inc. (FEIN: 36-2793207); Gleneagles, Inc. (FEIN: 52-0382880); Handmacher Fashions Factory Outlet, Inc. (FEIN: 62-0699057); Handmacher-Vogel, Inc. (FEIN: 13-2522868); Hart Services, Inc. (FEIN: 36-3119791); Hart Schaffner & Marx (FEIN: 36-1196390); Hartmarx International, Inc. (FEIN: 36-3849547); Hickey-Freeman Co., Inc. (FEIN: 05-0522438); Higgins, Frank & Hill, Inc. (FEIN: 36-3119788); HMX Luxury, Inc. (FEIN: 36-3432123); HMX Sportswear, Inc. (FEIN: 13-2882518); Hoosier Factories, Incorporated (FEIN: 35-1103970); HSM Real Estate LLC (FEIN: 36-4421906); HSM University, Inc. (FEIN: 36-3635288); Intercontinental Apparel, Inc. (FEIN: 22-2268615); International Women's Apparel, Inc. (FEIN: 74-1312494); Jaymar-Ruby, Inc. (FEIN: 35-0392340); JRSS, Inc. (FEIN: 35-1695663); Kuppenheimer Men's Clothiers Dadeville, Inc. (FEIN: 63-0179270); Monarchy Group, Inc. (FEIN: 26-0472040); National Clothing Company, Inc. (FEIN: 13-3056089); NYC Sweaters, Inc. (FEIN: 20-5399484); 106 Real Estate Corp. (FEIN: 23-1609394); Robert's International Corporation (FEIN: 36-3671895); Robert Surrey, Inc. (FEIN: 36-6163392); Salhold, Inc. (FEIN: 36-3806997); Seaford Clothing Co. (FEIN: 36-1692913); Simply Blue Apparel, Inc. (FEIN: 20-3583172); Society Brand, Ltd. (FEIN: 36-6114108); Sweater.com Apparel, Inc. (FEIN: 20-5300452); Tag Licensing, Inc. (FEIN: 36-2876915); Tailored Trend, Inc. (FEIN: 13-1540282); Thorngate Uniforms, Inc. (FEIN: 23-1007260); Thos. Heath Clothes, Inc. (FEIN: 36-6114533); Trade Finance International Limited (FEIN: 36-3758253); Universal Design Group, Ltd. (FEIN: 36-3758257); M. Wile & Company, Inc. (FEIN: 16-0959019); Winchester Clothing Company (FEIN: 61-0983980); Yorke Shirt Corporation (FEIN: 36-3440608); and Zooey Apparel, Inc. (FEIN: 20-5917889).

[2] The Debtors will file the schedules of assets and liabilities (the "Schedules") in accordance with 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007. The information contained in the Schedules may differ from that set forth below. Furthermore, the Debtors have not yet identified which of their largest unsecured claims, if any, are contingent, unliquidated, disputed and/or subject to setoff. The Debtors reserve the right to identify any of their claims listed in the Schedules as contingent, unliquidated, disputed and/or subject to setoff as appropriate. Inclusion of a claim on this consolidated list is not an admission that the amounts are or are not contingent, unliquidated, disputed and/or subject to setoff nor an admission that the amounts listed are owed by more than one of the Debtors.

The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims.

| (1) NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | (2) NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE, OF EMPLOYEE, AGENT, DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | (3) NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | (4) C U D S | (5) AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|
| Wooyang Co. 75 Maiden Lane New York, NY 10038 | | TRADE DEBT | | $2,786,558.40 |
| Pacific Garment 719 S. Los Angeles St. #708 Los Angeles, CA 90014 | 213-622-9500 | TRADE DEBT | | $1,207,127.75 |
| SAP America, Inc. PO Box 7780-824024 Philadelphia, PA 19182 | | TRADE DEBT | | $1,038,529.18 |
| Rolex Garments Factory Off Al Wahda Street Industrial Area No 4 Sharjah, United Arab Emirates 4813 | | TRADE DEBT/ LETTERS OF CREDIT | | $1,011,027.00 |
| HMS International GMAC Commercial PO Box 403058 Atlanta, GA 30384 | | TRADE DEBT | | $869,560.98 |
| Gokaldas 125 Roopena Agrahara Madiwala Bangalor India 123457 | 212-730-3950 | TRADE DEBT | | $821,069.07 |
| Warren Corp. Intesa Sanpaolo SPA PO Box 9098 New York, NY 1025 | 212-201-0249 | TRADE DEBT | | $771,827.73 |
| Shina EMS Corp. 12F, Hae Kwang Bldg., 158-13 Samsung Dong Kangnam-Gu, Seoul 135-880 KOREA Attn: Dong Won Bang, President | Mr. Dong Won Bang c/o Shina EMS Corp. 12F, Hae Kwang Bldg., 158-13 Samsung Dong Kangnam-Gu, Seoul 135-880 KOREA | TRADE DEBT | | $624,453.00 |
| Marsh 96772 Collection Center Drive Chicago, IL 60693 | 312-627-6000 | TRADE DEBT | | $610,934.00 |
| US Customs | | CUSTOMS DUTIES | | $518,730.00 |

| (1)<br>NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | (2)<br>NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE, OF EMPLOYEE, AGENT, DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | (3)<br>NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | (4)<br>C U D S | (5)<br>AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|
| Trans International<br>75 Maiden Lane<br>New York, NY 10038 | | TRADE DEBT | | $492,378.36 |
| Expediators International<br>PO Box 66448<br>Chicago, IL 60666 | | TRADE DEBT | | $457,908.25 |
| PWC<br>PO Box 75647<br>Chicago, IL 60675 | 312-298-2118 | PROFESSIONAL FEES | | $402,267.00 |
| Hibernian<br>One North LaSalle St<br>Suite 2151<br>Chicago, IL 60602 | | TRADE DEBT | | $356,021.00 |
| Agency.Com<br>488 Madison Ave 4th Floor<br>New York, NY 10022 | 212-358-2600 | TRADE DEBT | | $361,673.00 |
| Teklink International Inc.<br>823 Fieldcrest Drive<br>Naperville, IL 60540 | | TRADE DEBT | | $345,809.99 |
| Lee Fu Garment Factory LTD<br>Av De Ven De Morais Nam Fong Ind. Centre Bloco 2<br>Andar G-H<br>Macau | | TRADE DEBT | | $343,444.80 |
| Amalgamated Cotton Garment & Allied Industrial Fund<br>New York, NY 10116 | | EMPLOYEE BENEFITS | | $341,736.99 |
| Alltex EPZ Limited<br>PO Box 3050<br>Athiriver EPZ<br>Nairobi, Kenya | | TRADE DEBT/ LETTERS OF CREDIT | | $327,869.00 |
| Perry Ellis International<br>Attn: Nicole Dalvano<br>Miami, FL 33172 | | ROYALTIES | | $312,500.00 |
| Eighteen International Ltd.<br>104 West 40th Street<br>New York, NY 10018 | 212-586-3863 | TRADE DEBT | | $307,096.06 |
| Nicklaus Marketing, Inc.<br>PO Box 024876<br>Miami, FL 33102 | 561-626-3900 | ROYALTIES | | $300,000.00 |
| Textile Import LLC<br>1410 Broadway 22nd Floor<br>Attn David Tell<br>New York, NY 10018 | 336-638-6926 | TRADE DEBT | | $298,147.67 |

| (1)<br>NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | (2)<br>NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE, OF EMPLOYEE, AGENT, DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | (3)<br>NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | (4)<br>C U D S | (5)<br>AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|
| Hong Kong Knitters<br>10/F 22 Tai Yau Street<br>Sanpokong, Kowloon , Hong Kong | 852-2726-6333 | TRADE DEBT | | $283,322.10 |
| Preferred Care<br>PO Box 1306<br>Buffalo, NY 14240 | 585-325-3113 | EMPLOYEE BENEFITS | | $277,596.85 |
| SBIS Inc. d/b/a Sun Bay Intl<br>17902 Star of India Lane<br>Carson, CA 90746 | 310-765-4151 | TRADE DEBT | | $241,227.87 |
| Knowledge Support Systems, Inc.<br>570 E. Northwest HWY<br>Des Plaines, IL 60016 | | TRADE DEBT | | $228,976.00 |
| Prominent USA, Inc.<br>The CIT Group/Commercial Service<br>Charlotte, NC 28201 | | TRADE DEBT | | $224,211.00 |
| Industrias Cavalier<br>75 Maiden Lane<br>Prativero Trivero, NY 10038 | | TRADE DEBT | | $222,827.19 |
| Vitale Barberis Canonico SPA<br>Via Diagonale 296<br>VC 13832 | 203-762-2738 | TRADE DEBT | | $216,691.20 |

**DECLARATION REGARDING THE CONSOLIDATED LIST OF CREDITORS HOLDING THE THIRTY LARGEST UNSECURED CLAIMS AGAINST THE DEBTORS**

    I, Glenn R. Morgan, Chief Financial Officer of Hartmarx Corporation, the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my knowledge, information and belief.

Date:    January 23, 2009
           Chicago, Illinois

                                        By:    /s/ Glenn R. Morgan
                                                    Glenn R. Morgan
                                                    Chief Financial Officer of
                                                    Hartmarx Corporation

## CORPORATE OWNERSHIP STATEMENT

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the Debtor submits the following information:

| Name And Address Of Corporate Equity Holders | Interest |
|---|---|
| Sweater.com Apparel, Inc.<br>1526 C. Cloverfield Blvd.<br>Santa Monica, CA 90401 | 100% |

## DECLARATION REGARDING
## CORPORATE OWNERSHIP STATEMENT

I, Glenn R. Morgan Chief Financial Officer of Hartmarx Corporation, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my knowledge, information and belief.

Date:    January 23, 2009

By: _____
    Glenn R. Morgan
    Chief Financial Officer of Hartmarx
    Corporation

# CERTIFICATE AS TO RESOLUTIONS
# ADOPTED BY THE BOARD OF DIRECTORS
# OF NYC SWEATERS, INC.

## January 23, 2009

The undersigned, Taras R. Proczko, being the duly appointed Secretary of NYC Sweaters, Inc., a New York corporation (the "Company"), does hereby certify that the following resolutions were duly adopted by the Board of Directors of the Company (the "Board") at a special meeting of the Board held on January 23, 2009 and that such resolutions have not been amended or rescinded and are now in full force and effect:

RESOLVED, that in the judgment of the Board it is desirable and in the best interests of the Company, its creditors, its stockholders and other interested parties that a petition be filed by the Company in the United States Bankruptcy Court for the Northern District of Illinois Eastern Division (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought, and the filing of such petition is authorized hereby;

FURTHER RESOLVED, that each of Homi B. Patel, Glenn R. Morgan, Taras R. Proczko and James T. Conners be appointed by the Board as an authorized signatory (each, an "Authorized Signatory") in connection with the chapter 11 case authorized herein;

FURTHER RESOLVED, that each Authorized Signatory and each officer of the Company, together with any other person or persons hereafter designated by the Board, or any one of such persons (each, an "Authorized Officer" and collectively, the "Authorized Officers") be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, on behalf of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Officer executing said petition on behalf of the Company shall determine;

FURTHER RESOLVED, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute and/or file, or cause to be executed and/or filed (or to direct others to do so on their behalf as provided herein) all necessary documents including, but not limited to, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all other action, that they or any of them deem necessary, appropriate or advisable in connection with the chapter 11 case, including any and all action necessary, appropriate or advisable in connection with obtaining debtor-in-possession financing;

FURTHER RESOLVED, that the Company be, and it hereby is, authorized to enter into the Ratification and Amendment Agreement (the "<u>Ratification Agreement</u>"), among Hartmarx Corporation and Coppley Apparel Group Limited, as borrowers, the subsidiaries of Hartmarx Corporation, including the Company, identified therein, as guarantors, the lenders from time to time a party thereto, and Wachovia Capital Finance Corporation (Central), in its capacity as agent, in substantially the form heretofore presented or described to the Board (with such final terms and provisions as the Authorized Officer executing the Ratification Agreement may approve) to borrow funds in an amount not to exceed $160 million, on such terms as may be approved by any one or more of the Authorized Officers as reasonably necessary for the continuing conduct of the affairs of the Company and affirm or grant security interests in and liens upon all or substantially all of the Company's assets as may be deemed necessary by any one or more of the Authorized Officers in connection with such borrowings;

FURTHER RESOLVED, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, and perform, as debtor and debtor-in-possession, any documents, agreements, guaranties, instruments, financing statements, undertakings and certificates necessary or appropriate to facilitate the transactions contemplated by the foregoing resolution including, but not limited to, any credit agreement, pledge agreement, security agreement, promissory note, letter of credit application, mortgage, or other security instrument, containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate or other document evidencing the obligations of the Company under the debtor-in-possession financing, and any modifications or supplements thereto, all such materials to be in the form approved by such Authorized Officers, the execution and delivery thereof to be conclusive evidence of such approval;

FURTHER RESOLVED that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized and empowered, in the name and on behalf of the Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions;

FURTHER RESOLVED, that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60606-1285, and its affiliated law practice entities be, and hereby are, employed under a general retainer as attorneys for the Company in the chapter 11 case;

FURTHER RESOLVED, that the firm of FTI Consulting, Inc. be, and hereby is, employed as a restructuring advisor for the Company in connection with the chapter 11 case and any other related matters in connection therewith on such terms as any Authorized Officer shall approve;

FURTHER RESOLVED, that the firm of Moelis & Company LLC be, and hereby is, employed as a restructuring advisor for the Company in connection with the chapter 11 case and any other related matters in connection therewith on such terms as any Authorized Officer shall approve;

FURTHER RESOLVED, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized and empowered, in the name and on behalf of the Company, to retain such other professionals on such terms as they deem necessary, appropriate or advisable during the course of the chapter 11 case;

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, including in connection with the debtor-in-possession financing, be, and they hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company;

FURTHER RESOLVED, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized and directed, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further shareholder or member consents in respect of each of the Company's subsidiaries as in their judgment shall be necessary, appropriate or advisable to effectuate the seeking of relief under chapter 11 of title 11 of the Bankruptcy Code with respect to each such subsidiary;

FURTHER RESOLVED, that any person dealing with any Authorized Officer in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Officer and by his or her execution of any instrument, certificate, notice or document, the same shall be a valid and binding obligation of the Company enforceable in accordance with its terms;

FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed, for and on behalf of the Company, to pay all necessary and reasonable fees and expenses incurred in connection with the transactions contemplated by these resolutions;

FURTHER RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized and directed to take or cause to be taken all such further actions, to execute and deliver or cause to be executed and delivered all such further certificates, agreements, instruments and documents in the name and on behalf of the Company and to incur all such fees and expenses as in their judgment shall be necessary,

3

appropriate or advisable in order to carry out fully the intent and purposes of the foregoing resolutions and each of them; and

FURTHER RESOLVED, that any actions taken by such Authorized Officers prior to the date set forth below with respect to the matters contemplated by the foregoing resolutions are hereby ratified, confirmed and approved in all respects.

*****

4

IN WITNESS WHEREOF, the undersigned has duly executed this Certificate as of the date first above written.

_____
Name: Taras R. Proczko
Title: Secretary